JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JONATHAN C. GUY | WEILER LABELING SYSTEM, LLC |

(b) County of Residence of First Listed Plaintiff  **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Burlington**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, Telephone Number, and Email Address)*
Richard C. Sokorai, High Swartz LLP, 40 E. Airy Street, Norristown, PA 19404, 610-275-0700, rsokorai@highswartz.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USERRA 38 U.S.C. Section 4311
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $100,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: 12/19/2012
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN C. GUY<br>　　　Plaintiff<br><br>v.<br><br>WEILER LABELING SYSTEMS, LLC<br>　　　Defendant | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### PARTIES

1.　　Plaintiff, Jonathan C. Guy ("Plaintiff"), is an adult individual and resident of the United States and the Commonwealth of Pennsylvania who currently resides at 110 South Congress Street, Newtown, Pennsylvania 18940.

2.　　Defendant, Weiler Labeling Systems, LLC ("WLS" or "Defendant") is a Delaware limited liability corporation organized under the laws of the State of Delaware, with a principal office at 1256 North Church Street, Suite 7, Moorestown, New Jersey 08057.

### JURISDICTION AND VENUE

3.　　This Court has jurisdiction over this matter pursuant to the Uniformed Services Employment and Re-employment Rights Act (USERRA) at 38 U.S.C. § 4323(b)(3).

4.　　Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state claim related to violations of the New Jersey Soldiers' and Sailors' Civil Relief Act, N.J. Stat. Ann. § 38:23C-1, *et seq.*, specifically at § 38:23C-20.[1]

---

[1] This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendant is a limited liability company organized in Delaware with a principal place of business in New Jersey.

5. Venue is proper in the United States District Court for the District of New Jersey, as Defendant maintains a place of business within the State of New Jersey by virtue of a registered office 1256 North Church Street, Suite 7, Moorestown, New Jersey, 08057. *See* 38 U.S.C. § 4323(c)(2).

**FACTS**

6. At all times relevant, Plaintiff was a member and officer of the United States Army Reserve, with the rank of Captain, assigned as a Federal Emergency Management Administration Coordination Officer in the Office of the Chief, Army Reserve.

7. Beginning on or about October 1, 2011, and under the terms of his employment agreement (the "Employment Agreement"), Plaintiff began working for WLS as Vice President of Sales and Marketing. See Employment Agreement, attached hereto as Exhibit "A".

8. As part of Plaintiff's military-related duties, Plaintiff, from time to time, performs military service that demands his time and require leave of absence from his duties working for WLS.

9. Defendant insisted upon putting a clause in Plaintiff's employment contract that he was only permitted two weeks of unpaid leave for military service.

10. Throughout Plaintiff's employment with Defendant, Plaintiff, on more than one occasion, took leaves of absence for military service.

11. At all times relevant, including before and after any of his military leaves of absence, Plaintiff performed his employment at WLS in a satisfactory and above satisfactory manner.

12. On or about November 2, 2012, Plaintiff notified WLS, specifically Theodore ("Ted") S. Geiselman ("Geiselman"), President of WLS, that Plaintiff was taking a brief leave of

absence for service in Washington, D.C., for military duty associated with Hurricane Sandy disaster relief efforts.

13. Plaintiff's first period of duty with respect to his Hurricane Sandy assignment lasted until November 5, 2012, at which time Plaintiff returned to WLS to inform Geiselman in person that Plaintiff was required to return to Washington, D.C., for a total of thirty (30) days of duty for continued support of Hurricane Sandy relief efforts.

14. Plaintiff returned to work with WLS after his military service ended on November 19, 2012.

15. On November 26, 2012, Plaintiff was approached by Geiselman, was presented with a severance agreement, and was effectively terminated by WLS without cause.

16. Subsequently, when Geiselman learned that Plaintiff had sought advice regarding his rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), Defendant retaliated by adversely changing the proposed severance agreement.

17. On more than one occasion prior to Plaintiff's termination, Geiselman took issue with Plaintiff's military service, indicating his disapproval of leaves of absence for military service.

18. When Plaintiff attended annual military training from July 12 to July 27, 2012, Geiselman expressed strong verbal disapproval of Plaintiff's absence for military training.

19. When Plaintiff returned to WLS on November 5 to inform Geiselman of Plaintiff's extended military service for Hurricane Sandy relief, Plaintiff, who appeared in a military uniform, was mocked by Geiselman and questioned if he was wearing "[his] Halloween costume."

20. Plaintiff's termination was without cause, but instead based on Plaintiffs service in the Army Reserve.

21. As a result of the aforementioned adverse employment actions, Defendant has violated USSERA and the New Jersey Soliders' and Sailors' Civil Relief Act.

## COUNT I
## VIOLATION OF USERRA, 38 U.S.C. § 4301, *et seq.*

22. Plaintiff incorporates all previous paragraphs of this Complaint as though set forth at length herein.

23. All of the aforementioned actions constitute violations of USERRA at 38 U.S.C § 4311, specifically § 4311(a) and §4311(b).

24. The adverse actions/inactions were willful failures to comply with USERRA entitling Plaintiff to liquidated damages pursuant to 38 U.S.C. § 4323(d)(1).

WHEREFORE, Plaintiff Jonathan Guy prays that this Court will:

    a. Enter an Order directing Defendant Weiler Labeling Systems, LLC, to comply with all provisions of USERRA;

    b. Enter judgment in favor of Plaintiff Jonathan Guy and against Defendant Weiler Labeling Systems, LLC, for damages – including, but not limited to, damages for delayed and/or denied raises, lost earnings and/or wages, promotions and diminished earning capacity, together with costs, prejudgment interest and post judgment interest as the law may allow pursuant to 38 U.S.C. § 4323(d)(1)(B), in an amount in excess of $100,000;

    c. Award the Plaintiff Jonathan Guy liquidated damages in amount equal to the compensatory damages referenced above in subparagraph (b) pursuant to 38 U.S.C. § 4323(d)(1)(C);

    d.    Award the Plaintiff Jonathan Guy his attorneys' fees, expert witness fees and other litigation expenses pursuant to 38 U.S.C. § 4323(h)(2);

    e.    Retain jurisdiction to ensure the Defendant Weiler Labeling System, LLC's compliance with any Order issued by this Court; and

    f.    Award such other and further legal and equitable relief as may be necessary and appropriate to redress fully the deprivation of Plaintiff Jonathan Guy's rights, to prevent their recurrence in the future, and to prevent other employees of the defendant Weiler Labeling Systems, LLC, from experiencing such unlawful behavior.

## COUNT II
### VIOLATION OF NEW JERSEY SOLDIERS' AND SAILORS' CIVIL RELIEF ACT, N.J. STAT. ANN. § 38:23C-1 *et seq.*

25.    Plaintiff incorporates all previous paragraphs of this Complaint as though set forth at length herein.

26.    The aforementioned actions and/or inactions of Defendant were motivated by Plaintiff's military service and also constituted violations of the New Jersey Soldiers' and Sailors' Civil Relief Act, specifically N.J. Stat. Ann. § 38:23C-20.

27.    As a further direct and proximate result of the discriminatory and retaliatory conduct of Defendant in response to Plaintiff's military service, Plaintiff was caused to suffer embarrassment, humiliation and emotional distress.

28.    The actions of Defendant are violations of public policy and constitute wrongful employment actions against Plaintiff.

29.    The aforementioned actions and/or inactions of Defendant were outrageous, done in a willful and wanton fashion, with a conscious indifference and/or reckless disregard for the rights of Plaintiff, malicious and/or intentional, and so egregious as to be beyond the bounds of

decency in a civilized society, and was in direct violation of specific ordinances, laws, statutes and regulations.

WHEREFORE, Plaintiff Jonathan Guy prays that this Court will enter judgment in favor of Plaintiff Jonathan Guy and against Defendant Weiler Labeling Systems, LLC, and provide the following relief:

a. Enter an Order directing defendant Weiler Labeling Systems, LLC, to comply with all provisions of the New Jersey Soldiers' and Sailors' Civil Relief Act, N.J. Stat. Ann. § 38:23C-1, *et seq.*;

b. Enter judgment in favor of Plaintiff Jonathan Guy and against Defendant Weiler Labeling Systems, LLC, for damages – including, but not limited to, damages for delayed and/or denied raises, lost earnings and/or wages, promotions and diminished earning capacity, together with costs, prejudgment interest and post judgment interest as the law may allow pursuant to N.J. Stat. Ann. § 38:23C-1, *et seq.*, in an amount in excess of $100,000;

c. Award the Plaintiff compensatory damages related to his embarrassment, humiliation, and emotional distress;

d. Award the Plaintiff punitive damages to prevent similar conduct from happening to other employee members of the armed forces;

e. Award the Plaintiff his attorneys' fees, expert witness fees and other litigation expenses; and

f. Award such other and further legal and equitable relief as may be necessary and appropriate to redress fully the deprivation of the Plaintiff Jonathan Guy's rights, to prevent their recurrence in the future, and to prevent other employees of the Defendant Weiler Labeling Systems, LLC, from experiencing such unlawful behavior.

## COUNT III
## DECLARATORY JUDGMENT

30. Plaintiff incorporates all previous paragraphs of this Complaint as though set forth at length herein.

31. There is a non-compete provision in Plaintiff's Employment Agreement, purporting to preclude Plaintiff from engaging in related business activities for two years following his termination. See Employment Agreement, Article VII, Paragraph 7.1, attached hereto as Exhibit "B".

32. Plaintiff's termination was without cause and is in violation of USERRA and the New Jersey Soldiers' and Sailors' Civil Relief Act.

33. To find the non-competition clause enforceable as against Plaintiff in light of the unlawful manner in which Plaintiff was terminated would be inequitable, unconscionable, and against public policy.

WHEREFORE, Plaintiff Jonathan Guy prays that this Court will enter judgment in favor of Plaintiff Jonathan Guy and against Defendant Weiler Labeling Systems, LLC, and declare that the non-competition clause contained in the Employment Agreement is unenforceable.

## JURY DEMAND

Plaintiff hereby demands a jury trial for all claims for which he is entitled a jury trial.

                HIGH SWARTZ LLP

By: _____
         Richard C. Sokorai
         I.D. No. 019281997
         40 East Airy Street
         Norristown, PA 19404
         (610) 275-0700
         Attorney for Plaintiff

Date: December 19, 2012